**Ex parte Danny R. WILSON.**

**No. 58646.**

Court of Criminal Appeals of Texas,
Panel No. 2.

March 7, 1979.

Frank Blazek, Huntsville, for appellant.

Bill M. White, Dist. Atty., Edward J. Coffey and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P.

On February 2, 1977, relator was indicted for theft over $200, enhanced, pursuant to V.T.C.A., Penal Code, Section 31.09. He pled guilty on May 18, 1977, and punishment was assessed at twelve years. No appeal was taken. On September 20, 1978, we remanded this case to the 187th District Court of Bexar County for the purpose of conducting an evidentiary hearing and to have filed findings of fact and conclusions of law. A hearing was held on October 5, 1978. The trial judge found relator's allegations were true and transmitted the case to this Court in accordance with Article 11.07, supra.

Relator's sole contention is that he was denied effective assistance of counsel when his court-appointed attorney failed to advise him of his right to sever the counts in the theft indictment and have the charges tried as misdemeanors. Relator asserts that the right to severance under V.T.C.A., Penal Code, Section 3.04, is a mandatory right. We disagree with relator's contentions and deny relief.

The recent case of *Wages v. State,* 573 S.W.2d 804 (Tex.Cr.App.1978), is in point. After first holding that misdemeanor theft counts may be properly aggregated to a third degree felony under V.T.C.A., Penal Code, Section 31.09, this Court stated:

"Appellant's second ground of error complains that his trial counsel was ineffective for failing to request a severance of the three aggregated theft offenses alleged in the indictment. See V.T.C.A., Penal Code, Sections 31.03, 31.09, 3.01 and 3.02. Appellant alleges in his brief that he was not apprised of the options available to him under the law; i. e., that V.T.C.A., Penal Code, Sec. 3.04(a), provided him with a right to a severance. Such a contention assumes that the severance provision of Sec. 3.04(a) of our present Penal Code applies to the unique aggregation provision of Sec. 31.09 of the present Penal Code. Such a position has to be rejected on a facial interpretation of the relevant statutes. It is clear that the aggregation principle enunciated in

Sec. 31.09 operates to create *one* offense. This provision applies when the amounts taken are obtained 'pursuant to one scheme and continuing course of conduct.' It is axiomatic that you cannot sever *one* offense. This provision should be contrasted to that expressed in *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.). In that case, the forgery offenses were consolidated pursuant to V.T.C.A., Penal Code, Sec. 3.02. The right to a mandatory severance under Sec. 3.04 was clearly applicable. Thus, in the instant case, had the record even supported appellant's contention that he was not advised of the severance procedures under Sec. 3.04(a), ineffectiveness of counsel would not have been established. Upon a review of the whole record and the totality of the circumstances, we are convinced that appellant was not denied effective assistance of counsel—be he retained or appointed. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex. Cr.App.); *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974). . . ."

Accordingly, in the instant case, the relator had no right to sever the theft charges, and therefore was not harmed by his attorney's alleged negligence. Based on the record before us we conclude that the totality of representation not only did not deprive relator of his right to adequate representation, but furthermore, that no legal duty owed to the relator was breached. *See Ex parte Ewing*, 570 S.W.2d 941 (Tex. Cr.App.1978); *Harrison v. State*, 552 S.W.2d 151 (Tex.Cr.App.1977).

The relief sought is denied.