Cecilia CASHION, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–222–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 1, 1983.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Hon. Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of theft. The jury assessed punishment at ten years in the Texas Department of Corrections and a $10,000 fine. Both were probated.

The indictment alleged that appellant committed eleven third-degree felony offenses in one scheme and a continuing course of conduct. The amounts obtained thereby were aggregated under Sec. 31.09 Tex.Penal Code Ann. (Vernon 1974) to create one felony of the second degree. In her second ground of error, appellant contends that the indictment fails to state an offense. The indictment alleges that appellant:

"... did then and there pursuant to one scheme and continuing course of conduct steal money in the aggregate value of over $10,000.00 by committing the following acts of theft:

On or about October 3, 1977, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about January 4, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about January 20, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of

over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about February 1, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about February 16, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about March 1, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about March 16, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about March 23, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about April 4, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effec-

tive consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about April 21, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money

On or about April 29, 1978, in Nueces County, Texas, the defendant, Cecilia Cashion, did then and there acquire and exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money, . . ."

■ The indictment in this case differs slightly and only in form from the indictments set forth in *Wages v. State*, 573 S.W.2d 804 (Tex.Cr.App.1978) and *Brown v. State*, 640 S.W.2d 275, 277 (Tex.Cr.App. 1982). In *Wages* and *Brown*, the aggregation portion of the indictment alleging one scheme and a continuing course of conduct followed the allegations concerning the commission of various lesser offenses. In this case, the aggregation portion of the indictment precedes the allegation of the eleven theft offenses. Contrary to appellant's contention, the indictment contains all the necessary elements for prosecution under Sec. 31.09. We hold that this indictment sufficiently states an offense and is not fundamentally defective.

The appellant contends in her first ground of error that the trial court's charge to the jury authorized conviction for conduct not alleged in the indictment. Specifically, appellant contends that the jury could have convicted appellant of second-degree felony theft by finding that she committed theft on only one of the dates alleged. We disagree. The appropriate paragraph of the charge provides:

### III.

"Theft is a second degree felony if the value of the property stolen is $10,000.00 or more. When amounts are obtained by theft pursuant to one scheme or continuing course of conduct from the same source the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. In deciding this case you will first determine whether the defendant is guilty of any of the acts of theft alleged in the indictment.

Now, therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Cecilia Cashion, in Nueces County, Texas, on or about each of the following dates, namely, October 3, 1977, January 4, 1978, January 20, 1978, February 1, 1978, February 16, 1978, March 1, 1978, March 16, 1978, March 23, 1978, April 4, 1978, April 21, 1978, and April 29, 1978, did then and there acquire or exercise control over money of a value of over $200.00 but less than $10,000.00 owned by Roy Smith without the effective consent of Roy Smith and with the intent to deprive Roy Smith of the money, then you will find the defendant guilty of theft on each of said dates. However, if you do not believe or you have a reasonable doubt that the defendant committed theft on one or more of the dates alleged, then for that date or dates you will find the defendant not guilty.

If you have found the defendant guilty beyond a reasonable doubt of any acts of theft and you further find beyond a reasonable doubt that said acts, if any, were part of one scheme or continuing course of conduct and that the aggregate amount of money obtained as a result of those thefts, if any, was over $10,000.00 then you will find the defendant guilty of second degree felony theft. If you do not so believe or you have a reasonable doubt thereof, you will find the defendant not guilty.

If you do not find beyond a reasonable doubt that the acts, if any, of which you have found the defendant guilty, if you have so found, total more than $10,000.00 then you will find the defendant not guilty of any offense."

In order to convict appellant, the jury, as instructed, was required to find that appellant committed thefts of money over $200 but less than $10,000 on certain specified dates, that these acts of theft were part of one scheme or continuing course of conduct, and that the aggregate amount of money taken was over $10,000. The charge properly applies the law to the facts. It did not permit conviction based on only one theft of over $10,000, but instead required the jury to find *acts of theft* as part of a scheme or a continuing course of conduct. Appellant's first and second grounds of error are overruled.

In her third and fourth grounds of error, appellant contends that the indictment alleges eleven separate offenses in one count in violation of Art. 21.24 Tex. Code Crim.Pro.Ann. (Vernon 1979)[1] and that Sec. 31.09 Tex.Penal Code Ann. (Vernon 1974)[2] runs afoul of Sec. 3.04 Tex.Penal Code Ann. (Vernon 1974)[3] and Art. 21.24 Tex.Code Crim.Pro.Ann., supra. Although appellant discusses her contentions at length, she fails to point to any specific error except to argue that the legislature created an anomaly by allowing a series of offenses to be combined into one offense. The Court of Criminal Appeals has previously addressed the exact issue raised by appellant and resolved it adversely to her. See *Brown v. State,* 640 S.W.2d 275, 277 (Tex.Cr.App.1982); *Wilson v. State,* 577 S.W.2d 739 (Tex.Cr.App.1979); *Wages v. State,* 573 S.W.2d 804 (Tex.Cr.App.1978).

Appellant's third and fourth grounds of error are overruled.

In her fifth ground of error, appellant contends that the trial court erred in overruling her motion to quash the indictment for failing to specify which definition of effective consent the State was relying on for conviction. Appellant argues that, since Sec. 31.01(4) Tex.Penal Code Ann. (Vernon 1974) states four ways in which consent is not effective, the State's pleadings must specify the theory. This is not so. This same argument was rejected by the Court of Criminal Appeals in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981). The Court there held that the four ways in which consent is defined as not effective in Sec. 31.01(4) are not exhaustive. Further, it was held that the State need only allege no consent or no effective consent in its charging instrument. According to *Thomas,* "effective consent" is purely an evidentiary matter, and, hence, is not subject to a motion to quash. See also *Silva v. State,* 635 S.W.2d 775 (Tex.App.—Corpus 1982, d.r. ref'd). Appellant's fifth ground of error is overruled.

In her remaining grounds of error, appellant challenges the sufficiency of the evidence and the trial court's failure to provide her with a free transcription of the court reporter's notes on appeal. Since a statement of facts is needed in order to address the merits of two of appellant's grounds of error, we first look to see if the trial court erred in refusing to provide appellant with a free statement of facts.

---

1. Art. 21.24 provides:

   "(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

   (b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

   (c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient."

2. Sec. 31.09 provides:

   "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

3. Sec. 3.04 provides:

   "(a) Whenever two or more offenses have been consolidated or joined for trial under Section 3.02 of this code, the defendant shall have a right to a severance of the offenses.

   (b) In the event of severance under this section, the provisions of Section 3.03 of this code do not apply, and the court in its discretion may order the sentences to run either concurrently or consecutively."

Appellant was sentenced in 1979, and informed of her right to appeal. Written notice of appeal was given on August 17, 1979. Following this date, no action was taken on the appeal until February 11, 1982, when the trial court approved the record, consisting only of the transcript. The reasons for the delay in appellant's appeal are not established, but a later hearing in the trial court revealed that appellant's retained counsel ceased to provide representation after he gave notice of appeal. On March 11, 1982, the appellant filed a motion in the trial court for a free statement of facts and for permission to proceed on appeal in forma pauperis. On March 12, 1982, appellant filed objections to the record, arguing that a statement of facts should be prepared and that she understood that her retained counsel at trial, the Hon. Douglas Tinker, had "ordered all paperwork necessary for the appeal." On April 29, 1982, the court heard evidence on appellant's request for a free statement of facts and on her objections to the record. The trial court denied the request for a free statement of facts and overruled appellant's objections to the record.

Appellant is now represented on appeal by counsel retained by appellant's son. In grounds of error eight and nine, appellant complains of the trial court rulings on her motions. The gist of appellant's argument is that she is currently indigent, was indigent at the time notice of appeal was given, and was abandoned at the end of trial by her retained counsel who failed to perform his duty to see that she was properly represented on appeal. By overruling her objections to the record and denying her permission to proceed in forma pauperis, appellant contends that the trial court effectively denied appellant a free statement of facts for the appeal.

■ As the State points out in its brief, the trial court's ruling must be upheld if the record supports the conclusion that appellant was not indigent or, even if she were indigent, failed to exercise due diligence in attempting to obtain a statement of facts. *Castillo v. State,* 595 S.W.2d 552 (Tex.Cr. App.1980); *Zamora v. State,* 568 S.W.2d 355 (Tex.Cr.App.1978); *Rhoda v. State,* 514 S.W.2d 937 (Tex.Cr.App.1974). Since the trial court did not state its reasons for denying appellant's motion, we must uphold the trial court if its ruling is supported on either theory by the record.

The record shows that, although appellant and her husband had declared bankruptcy in November of 1978, (prior to the trial) she was able to employ counsel at trial in 1979. Moreover, appellant was employed and taking home $179.00 a week at the time of the hearing in April of 1982. Although she expressed some ignorance regarding her husband's earning, she testified that he was employed and making $1,000 per month. Appellant listed her assets as home furniture, a ring, and a watch. She testified that she owed $3,000.00 in doctor bills. Appellant had four children living at home and was concerned about being able to pay Little League and Scout fees.

The State and appellant stipulated that the cost of the statement of facts would be roughly $2,800—figured at four hundred dollars per day for the seven days of trial. We have reviewed the record and find that the trial court's ruling is supported by the evidence.

As to appellant's diligence, the record shows that after sentencing appellant's retained counsel informed her that he would do no more work for her until an additional fee was paid. According to appellant, she did not forward further payments but stated that she was under the impression that her counsel had prepared all the paperwork for the appeal. She did understand that he would not be writing an appellate brief.

Three years passed between notice of appeal and approval of the record. Appellant stated that she called the Court of Criminal Appeals, the District Clerk and this Court (following our acquisition of this appeal in 1982) to learn of the status of her appeal. Aside from these calls, the record fails to show that appellant did anything to pursue her appeal. Judgment was entered in this case in July 1979. The hearing on forma pauperis was April 29, 1982. Pauper's affi-

davit was not filed by the appellant until March 1982. There is really no basis for this type of delay in the preparation of a criminal appeal.

After careful consideration of the above facts, we conclude that the trial court did not err in denying appellant a free statement of facts. Appellant's eighth and ninth grounds of error are overruled.

Grounds of error six and seven present nothing for review without a statement of facts. They are overruled. The judgment of the trial court is affirmed.

AFFIRMED.