**Allan George COOPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–85–0298–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 20, 1986.
Rehearing Denied April 10, 1986.

Larry P. Urquhart, Moorman, Tate, Moorman & Urquhart, Brenham, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Russel Turbeville, Harris County Asst. Dist. Attys., Houston, for appellee.

Before COHEN, SAM BASS and HOYT, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of second degree felony theft and assessed punishment at 20 years in prison. Appellant asserts seven grounds of error in which he claims that his trial counsel was ineffective, that the indictment and the jury charge were fundamentally defective, that the indictment was improperly amended, and that the evidence was insufficient to prove one of the thefts alleged.

The one-count indictment contained 23 paragraphs. Paragraphs one through 13 each alleged thefts of more than $10,-000.00. In paragraph 14, these thefts were alleged to have been committed pursuant to one scheme and continuing course of conduct and to amount in the aggregate to more than $10,000. Paragraphs 15 through 23 were dismissed, and appellant was granted an instructed verdict on paragraphs three and five.

Each theft alleged in the first 11 remaining paragraphs was based on an investment scheme in which appellant induced his victims to invest in his corporations at various times from 1980 through 1983. In each instance, appellant failed to return at least $10,000 of the monies invested.

Appellant first claims that his trial attorney was ineffective because he failed to object to the State's introduction of seven extraneous transactions during its case-in-chief and another during rebuttal. Appellant does not claim that the evidence was inadmissible, but that the failure to object waived the opportunity to receive a ruling from the trial court on its admissibility and to challenge an adverse ruling on appeal.

To obtain a reversal because of ineffective assistance, appellant must show: (1) that counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Since appellant's only complaint is his attorney's failure to object to the introduction of the extraneous transactions, his claim of ineffective assistance must fail unless the evidence was inadmissible, and its admission probably affected the outcome of the trial.

The admissibility of extraneous transactions is determined by a two-step test. "First, it must be determined that the extraneous offense evidence is relevant to a material issue in the case other than the defendant's character." *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Crim.App. 1985) (footnote omitted). Appellant's intent was put at issue by his plea of not guilty to acts whose intent was ambiguous and thus needed to be proved by circumstantial evidence. *Plante*, 692 S.W.2d at 490, 494. "Second, the evidence must possess probative value which outweighs its inflammatory or prejudicial effect." *Plante*, 692 S.W.2d at 491. In order to be probative, the extraneous offenses must be similar. "Since it is the improbability of a like result being repeated by mere chance that carries probative weight, the essence of this probative effect is the likeness of the instance.... In short, there must be a similarity in the various instances...." *Plante*, 692 S.W.2d at 492.

In *Plante*, the defendant was convicted of theft by deception where, as president of a corporation, he purchased goods on credit and then failed to pay for them. To prove his intent, the State introduced extraneous transactions. The admissible transactions all involved the defendant's purchase of goods or services on his corporation's credit, induced by the defendant's unfulfilled promise to pay, and no goods were voluntarily returned. *Plante*, 692 S.W.2d at 493–94. These similarities gave the transactions probative value concerning the defendant's intent. *Id.* at 494.

In the present case, the charged thefts and the extraneous transactions shared the following characteristics: the victims, who each had lump sums of at least $11,000 and a maximum of $250,000 to invest, consulted appellant on investment opportunities. They expressed to appellant a variety of investment needs, including liquidity, security, high interest yields, and tax sheltering. Appellant advised them all that investing in one of his companies would fulfill those needs. Usually, he recommended investment in Kingwood Financial Group, Inc., which, he explained, pooled the funds of the individual investors and provided short term loans to large corporations at high rates of interest. Other of his enterprises that he would recommend included Barite, Ltd., Tax Utilization Planning Corp., and Holiday Mining. In addition, he recommended that some victims invest in a lawsuit by loaning money through him to an individual who had received, but not collected, a multi-million dollar award. One individual invested only in this lawsuit. The victims would write checks for large amounts in return for appellant's promissory note. Some investors recovered some money, but all lost substantial sums.

The prejudicial effect of the extraneous transactions was reduced by a limiting instruction in the jury charge. *See Plante*, 692 S.W.2d at 494. Also, the number of extraneous offenses, eight, was not high in relation to the number of acts of theft charged, eleven. In *Plante*, only one act of theft was charged, and testimony of 35 witnesses concerning "numerous" extraneous transactions was allowed. *Id.* at 490, 493.

The extraneous transactions introduced here were properly admitted in the State's case-in-chief because, as in *Plante*, their probative value in proving appellant's intent exceeded their prejudicial effect. Further, the same evidence could have come in later as rebuttal to appel-

lant's claim that he had merely made bad investments. *See Rubio v. State,* 607 S.W.2d 498, 502 (Tex.Crim.App.1980). Counsel's failure to object to admissible testimony does not constitute ineffective assistance of counsel. The first ground of error is overruled.

Appellant next complains that the jury charge was fundamentally defective because it authorized his conviction under Tex.Penal Code Ann. sec. 31.09 (Vernon 1974), even if the jury found that he had committed only one theft. He argues that a conviction was proper under sec. 31.09 only upon a jury's finding that he committed multiple thefts pursuant to one scheme and continuing course of conduct. No objection to the jury charge on this basis was made in the trial court.

Penal Code sec. 31.09 provides:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

Paragraph 14 of the indictment alleged:

And the Grand Jury do further present that all of the amounts alleged above were stolen, pursuant to one scheme and continuing course of conduct and the aggregated amount so stolen was over ten thousand dollars.

The portion of the charge attacked is the following:

If you believe beyond a reasonable doubt that the Defendant is guilty of the offense of theft of money in aggregate amounts over $10,000, but you do not believe or you have a reasonable doubt that the Defendant committed the offense of theft from each and every individual previously named, and on or about the dates stated in the above paragraphs you may still be warranted in finding the Defendant guilty if you believe beyond a reasonable doubt that the Defendant committed *one* or more of these thefts, if any, from the above named individuals, pursuant to one scheme and course of

conduct and so long as the aggregate value of the monies stolen, if any were, was more than $10,000. If you do not so believe or you have a reasonable doubt you will find the Defendant not guilty.

(Emphasis supplied).

Appellant relies on *Cashion v. State,* 657 S.W.2d 517 (Tex.App.—Corpus Christi 1983, pet. ref'd), which affirmed a judgment. Cashion claimed that the jury charge authorized his conviction for second degree felony theft even if the jury believed that he had committed only one of several third degree felony thefts alleged. The court held that the charge did not permit conviction based on only one theft but "required the jury to find *acts of theft* as part of a scheme or a continuing course of conduct." *Id.* at 520 (emphasis in original). The jury charge in *Cashion* had to require a finding of more than one "act" of theft in order to support a conviction for second degree felony theft because each theft alleged in that indictment was a third degree felony theft of less than $10,000. *Id.* at 518.

■ The present case differs from *Cashion* because each paragraph alleged a theft of more than $10,000 and thus constituted a second degree felony. The jury charge did not allow appellant to be convicted of theft of more than $10,000 upon a finding that he committed a theft of less than $10,000.

We hold that since Tex.Code Crim.P.Ann. art. 37.08 (Vernon 1981) allows conviction of any lesser included offense, the trial court properly instructed the jury that a guilty verdict was warranted even if it found that appellant committed only one theft of more than $10,000. A lesser included offense is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged...." Tex.Code Crim.P.Ann. art. 37.09(1) (Vernon 1981). The offense charged here was second degree felony theft. Each theft alleged in paragraphs one through 13, although a second degree felony, is a "lesser" included

offense of paragraph 14, the aggregation paragraph, because each required proof of the same facts, except for the element of "one scheme and continuing course of conduct."

The second ground of error is overruled.

In his third ground of error, appellant claims that the aggregation paragraph in the indictment was fundamentally defective. He argues that each theft alleged exceeded $10,000, the amount required to make it a second degree felony, and that the aggregation paragraph was included solely to prevent a severance and a separate trial on each offense. *See* Tex.Penal Code Ann. sec. 3.04(a) (Vernon 1974). Appellant argues that sec. 31.09 cannot be used when some of the thefts alleged exceed $10,000 because the purpose of sec. 31.09 is to punish as a higher grade of offense a series of smaller offenses committed pursuant to one scheme or continuing course of conduct.

■ In cases such as this, where money is obtained by deception and then partially repaid in a series of complex transactions, the prosecution cannot know before trial whether the evidence of any individual theft will sufficiently prove the necessary amount, here $10,000. Section 31.09 requires only that amounts be obtained illegally pursuant to one scheme and continuing course of conduct in order to aggregate the offenses and prosecute them all in one trial. No authority requires that each (or any) theft must be less than any particular amount.

The third ground of error is overruled.

■ In his fourth ground of error, appellant claims that the jury charge and the verdict form were fundamentally defective because they authorized a conviction even if the jury did not unanimously agree on which theft appellant committed. The portion of the charge complained of is set forth above in our discussion of ground of error two. No objection at trial was made on this basis.

Since appellant did not object to the charge, reversal is warranted only if the alleged error was "so egregious and created such harm that [appellant] 'has not had a fair and impartial trial'—in short 'egregious harm.' " *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). In assessing the harm, the court should look to the entire record of the trial. *Id.*

Appellant has shown no harm caused by the form of the jury charge. The jury was instructed that its verdict must be unanimous, and there is no evidence that the verdict was not unanimous.

The fourth ground of error is overruled.

■ In his fifth and sixth grounds of error, appellant complains of the amendment of paragraphs 12 and 13 of the indictment, deleting the phrase "namely, by deception" from the allegations that appellant took money from the complainants without their effective consent. When this case was tried, Tex.Code Crim.P.Ann. art. 28.10 (Vernon 1966) provided that "[a]ny matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended." The court granted the State's motion to delete "namely, by deception" after both sides had announced ready and the jury had been selected. No objection was made by appellant.

We hold that the words "by deception" in these paragraphs were matters of substance. *Compare MacDougall v. State*, 702 S.W.2d 650 (Tex.Crim.App.1986); *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Crim.App.1983); *Peters v. State*, 652 S.W.2d 460 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). But for *Burrell v. State*, 526 S.W.2d 799 (Tex.Crim.App.1975), we would hold that any error was waived by lack of objection. *Burrell* held that such error may require reversal, even without an objection at trial. While we question this holding, we note that *Burrell* has been very recently cited with approval in *Wray v. State*, 706 S.W.2d 310 (Tex.Crim.App. 1986).

Nor do we consider this substantive deletion to be a "nullity" as in *Howard v. State*, 667 S.W.2d 524, 526 (Tex.Crim.App. 1984). This case differs from *Howard* because it concerns a deletion from, not an addition to, the indictment and because appellant did not request the change.

We consider the error harmless, however, because this conviction can be upheld without paragraphs 12 or 13. Each paragraph alleged a second degree felony theft. The evidence is sufficient, and there was no motion to require the State to elect one paragraph to present to the jury. Thus, conviction on any one paragraph or on several paragraphs would be sufficient to affirm the one judgment and sentence that appellant received. *See Vasquez v. State*, 665 S.W.2d 484, 487 (Tex.Crim.App.1984); *Bailey v. State* 532 S.W.2d 316, 323 (Tex. Crim.App.1975). Both *Vasquez* and *Bailey* alleged a single offense against a single victim on one occasion, a difference which, appellant contends, distinguishes them from the present case. However, we have found no authority requiring a different result where one count of an indictment alleges multiple acts against different victims at different times.

The fifth and sixth grounds of error are overruled.

Appellant finally contends that the evidence was insufficient to prove theft as alleged in paragraph two of the indictment because Margaret Sullivan, the victim, was not induced by appellant's deception to give up her money and because an intent to deprive Sullivan of her money was not established since she had been repaid $13,003 of the $20,000 principal sum and $10,442 in interest.

Sullivan invested $20,000 in Tax Utilization Planning Corporation in exchange for a two-month promissory note at 18 percent interest. She also invested $14,500 in an oil well. She dealt exclusively with Brian Martin, appellant's employee. The note was signed by appellant individually and as company president.

When the note matured, Martin suggested that Sullivan reinvest $7,250 of the principal into another company owned by appellant, Barite, Ltd., and extend the note with the rest of the proceeds. Over the next two years, Sullivan was paid $10,442 in principal and interest on the note, $455 from Barite, and $960 from her oil well investment.

In assessing the sufficiency of the evidence, we must view the record in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Foster v. State*, 635 S.W.2d 710, 718 (Tex.Crim. App.1982). In light of this standard, the evidence was sufficient.

■ Appellant's deception was proved by the promissory note. Although Sullivan did not deal directly with appellant, the promissory note that formed the basis for the transaction was signed by appellant in his personal capacity. "Deception" is defined as:

promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

Tex.Penal Code Ann. sec. 31.01(2)(E) (Vernon 1974). Appellant's signature in his individual capacity was his promise to pay back the $20,000, plus 18 percent interest. Sullivan's judgment was affected by the promise since the promise was her reason for investing the money. Sullivan gave appellant $20,000 on February 19, 1980. The next day, appellant used $300,000 of his investors' money, including Sullivan's $20,000, to pay restitution to the Circuit Court of Ingham County, Michigan in cause no. 30300, styled *State of Michigan v. Allen G. Cooper*. This criminal case was apparently dismissed in exchange for the payment. Many other instances of self-dealing with investors' funds were

proved. Appellant's intent not to perform was also proved by the similar extraneous offenses. A rational jury could have found that this proved the offense beyond a reasonable doubt.

The seventh ground of error is overruled.

The judgment is affirmed.