Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-07-00326-CR

Michael **CHAPA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 06-06-00047-CRF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Alma L. López, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   July 2, 2008

AFFIRMED

A jury convicted appellant Michael Chapa on two counts of aggravated sexual assault of a child and assessed punishment on each count at confinement for life. In twenty points of error, Chapa complains of ineffective assistance of counsel. We affirm the trial court's judgment.

### BACKGROUND

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we will provide an abbreviated version of the facts. The two complainants, V.R. and

I.R., lived with their mother, who introduced appellant into their home two months after she met him online in the summer of 2001. V.R. testified in detail about a sexual assault appellant committed upon her approximately one month after he moved into the home. She was 11-years-old at the time of this first sexual assault. I.R. testified in detail about a sexual assault that appellant committed upon her some months after the assault upon V.R. I.R. was 9-years-old at the time of this first sexual assault. V.R. testified she witnessed part of the sexual assault on her sister.

In addition to testifying about these specific instances of sexual assault, V.R. and I.R. testified appellant sexually assaulted them many times over approximately three years. V.R. testified appellant sexually assaulted her or her sister "like every other day all the time and it just never stopped . . . ." Both girls testified appellant threatened to kill them if they told anyone of the sexual assaults or the physical beatings he perpetrated against them and their brother, J.R. V.R. ultimately made an outcry to police. A grand jury returned an indictment with two counts of aggravated sexual assault of a child younger than fourteen years old – one count each as to V.R. and I.R. – for intentionally or knowingly causing the penetration of the victims' female sexual organ by appellant's sexual organ.

## DISCUSSION

### *Standard of Review*

To succeed on an ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007). To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347-48. To demonstrate prejudice, the defendant "must show

a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Trial counsel is presumed to have rendered effective assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). There is a strong presumption that counsel's actions and decisions were motivated by sound trial strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). When the record is silent as to counsel's strategy, a reviewing court must not simply speculate that counsel's performance was deficient. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd). If the record is silent as to the reasoning behind counsel's actions, the presumption of effectiveness is sufficient to deny relief. *See Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Counsel's performance will be sufficient if any strategic motive can be envisioned and will be considered deficient only if "the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The standard for reviewing trial counsel's performance "has never been interpreted to mean that the accused is entitled to errorless or perfect counsel." *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

Chapa asserts some of his complaints are grounded on provisions of both the United States Constitution and the Texas Constitution, as well as the Texas Code of Criminal Procedure. However, he makes no arguments in his brief to this court as to how our state constitution and

statutory law offer any different or additional protections than those afforded by the federal constitution. Accordingly, we will review those complaints only under federal law. *See Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex. Crim. App.), *cert. denied*, 510 U.S. 837 (1993). When deciding cases involving the federal constitution, Texas courts are bound by United States Supreme Court decisions interpreting the federal constitution. *State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998).

### *Ineffective Assistance of Counsel–Failure to Compel an Election*

In his first six issues, Chapa complains his trial counsel rendered ineffective assistance by failing to compel the State to elect the specific acts of sexual assault on which the State would rely for conviction. He contends this error allowed the jury to convict him not on the offenses charged, but on the combined effect the numerous testimonial allegations had on the jury. Chapa then asserts, in issues thirteen through eighteen, that counsel's failure to force an election resulted in the denial of his right to a unanimous verdict. This is the same complaint raised in issues one through six; Chapa simply asserts a different consequence resulting from the same conduct.

Chapa asserts in issues nineteen and twenty that he was denied the right to a unanimous verdict in violation of Article V, section 13 of the Texas Constitution and section 36.29 of the Texas Code of Criminal Procedure. While the two grounds facially appear to assert a challenge to the court's jury charge, there was no objection to the charge at trial and Chapa has provided no argument in his brief relating to alleged charge error nor any argument that such error resulted in egregious harm. *See* TEX. R. APP. P. 38.1(h) (stating that brief must contain clear and concise argument for contentions made); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (holding that in absence of request or objection, jury charge error does not require reversal unless "egregious harm" is established). In fact, Chapa makes it clear in his brief that his argument

concerning the non-unanimous verdict is based not on the actions of the trial judge or jury charge, but rather on the failure of his trial counsel to compel the State to make an election. Accordingly, we will review Chapa's complaints on these two points as a claim of ineffective assistance of counsel.

In the trial of sexual offenses, the jury may receive evidence that the defendant engaged in numerous criminal acts of the same type charged in the indictment against the same victim. In cases where the number of criminal acts exceed the number of acts charged, upon the defendant's request, the State is required to elect which of the instances of the charged act it will rely upon for purposes of conviction. *Phillips v. State*, 193 S.W.3d 904, 912 (Tex. Crim. App. 2006); *Brown v. State*, 6 S.W.3d 571, 576 (Tex. App.—Tyler 1999, pet. ref'd). Chapa claims his counsel rendered ineffective assistance due to his failure to compel an election. However, the soundness of trial counsel's decision to request an election must be considered in light of the application of the law on double jeopardy. *See Brown*, 6 S.W.3d at 576. If the State elects a particular instance of the charged conduct to support a conviction, subsequent prosecution of the other instances of criminal conduct placed before the jury will not be barred by double jeopardy. *Ex parte Pruitt*, 233 S.W.3d 338, 345-47 (Tex. Crim. App. 2007); *Brown*, 6 S.W.3d at 576. If, however, a defendant does not require the State to make an election, double jeopardy will bar prosecution of the other instances of criminal conduct. *Id.* Because Chapa's counsel may well have decided to forego an election request based on double jeopardy, we reject Chapa's points of error relating to the issue of election. *See Mayo v. State*, 17 S.W.3d 291, 298 (Tex. App.–Fort Worth 2000, pet. ref'd) (holding that decision to exercise right to request election is matter of trial strategy, requiring court to assume counsel chose not to

request election as result of reasonable professional judgment); *Brown*, 6 S.W.3d at 577 (same). Accordingly, we overrule issues one through six and thirteen through twenty.

### *Ineffective Assistance of Counsel–Failure to Object to Admission of Extraneous Offense*

In issues seven through twelve, Chapa complains his trial counsel failed to object to the extraneous testimony of a sexual assault upon J.R., the ten-year-old brother of V.R. and I.R. Chapa was not charged with any offense against J.R, who nevertheless testified that Chapa assaulted him. Chapa complains that his counsel's failure to object was ineffective because it denied the court the opportunity to exercise its discretion to admit, or refuse to admit, the evidence. Further, Chapa contends that, because the testimony inflamed the jury against him, the evidence created a substantial risk that he was convicted because of the jury's revulsion for the act against J.R.

To prevail on this contention Chapa must not only show the failure to object was error, but that the error was of such magnitude so as to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When an appellant complains his attorney failed to object to the introduction of extraneous offenses, his claim of ineffective assistance of counsel must fail unless the evidence is inadmissible and the admission of the evidence affected the outcome of the trial. *Cooper v. State*, 707 S.W.2d 686, 688 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Even if we assume counsel performed deficiently by failing to object to the evidence of the assault on J.R., Chapa failed to show there is a reasonable probability that but for counsel's failure to object to the introduction of the extraneous offense, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Garza*, 213 S.W.3d at 347-48. V.R. and I.R. testified in detail to the sexual assaults Chapa perpetrated against them when they were nine and eleven years old. We cannot conclude the

outcome would have been different if Chapa's counsel had objected and the evidence concerning J.R. was excluded.  Accordingly, we overrule issues seven through twelve.

## CONCLUSION

We hold Chapa has not demonstrated ineffective assistance of counsel with regard to trial counsel's failure to require an election or to object to the extraneous assault.  We therefore overrule his issues and affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do Not Publish