Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00568-CR

Manual **VALDIVIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR0530
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 20, 2011

AFFIRMED

Manual Valdivia appeals the trial court's judgments of conviction on four counts of aggravated sexual assault.  Valdivia contends the evidence is insufficient to support the jury's verdicts, the convictions in all four counts violate double jeopardy protections, and his trial counsel rendered ineffective assistance.  We affirm the trial court's judgments.

## BACKGROUND

I.P.[1] testified that in March 2006 she lived in a two-bedroom house with her father Valdivia, his parents, her uncle, her uncle's girlfriend, and the girlfriend's children. She testified she and her father slept alone in the living room on couches. I.P. told the jury that late one night in March 2006 Valdivia forced her legs open, removed her jeans and underwear, and put "his thing used to pee" inside her. According to I.P., Valdivia did this to her more than ten times between March 2006 and June 2006. I.P. described in detail another incident around June 2006 where Valdivia choked her, used a pillow to cover her face, and he again put his "thing" in her. She eventually ran away from home in June 2006 and told her mother's boyfriend about the abuse. I.P.'s mother reported the matter to the police. I.P. was fifteen years old at time of trial and testified she was eleven years old when the sexual abuse began.

San Antonio Police Detective Lisa Miller testified she investigated the complaint and eventually arrested Valdivia. Detective Miller interviewed Valdivia the night of his arrest, and a redacted video recording of the interview was placed into evidence and played for the jury. During the interview, Valdivia initially denied any improper conduct, but eventually admitted that he used his penis to rub her "on the outside" and maybe put it "inside" a little bit. He also stated I.P. would use a pillow to hide her face when he would "go down on her."

Cynthia Garcia, a sexual assault nurse examiner, testified she conducted an examination on I.P., and her report was entered into evidence. Garcia testified I.P. told her Valdivia had "touched" her "where he shouldn't have touched," and this happened "more than ten times." When asked what Valdivia used to touch her, I.P. responded that "he would put his private in my private." Garcia stated that I.P. later clarified that Valdivia would touch her with his genitals on the outside of her genitals.

---

[1] Given the nature of the offense, we will refer to the complainant by her initials.

Dr. Nancy Kellogg, a child abuse pediatrician, testified she examined the medical records relating to I.P., which included photographs taken during an anogenital examination of I.P. Dr. Kellogg testified she noticed a healed tear of the hymen, and that the likely cause of the tear was penetration of the complainant's genitals during sexual abuse, although she acknowledged that it could have been caused by the use of a tampon.

The court charged the jury in accordance with the allegations of the indictment. Count 1 alleged that on or about March 14, 2006, Valdivia caused the penetration of I.P.'s sexual organ by his sexual organ.[2] Count 2 alleged that on or about the same date Valdivia caused I.P.'s sexual organ to contact his sexual organ.[3] The allegations in Counts 3 and 4 mirrored those of Counts 1 and 2 respectively, except the acts were alleged to have occurred on or about June 13, 2006. The jury returned guilty verdicts on all counts and assessed life sentences on Counts 1 and 3, and sentences of 99 years on Counts 2 and 4. The trial court ordered the sentences to be served concurrently.

### SUFFICIENCY OF THE EVIDENCE

Valdivia asserts the evidence is legally insufficient to support the jury's verdicts on all four counts, but does not attack the sufficiency of the evidence as to any particular element of each offense. Rather, Valdivia argues that: (1) testimony about the living arrangements in the house makes it unlikely that the repeated conduct described by I.P. could have occurred without being noticed by other household members; (2) I.P.'s testimony about penetration was contradicted by statements she made to Garcia; (3) Dr. Kellogg provided an alternate explanation for the trauma to the hymen; and (4) any statements made by Valdivia during the police

---

[2] *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i) and (a)(2)(B) (West 2011).
[3] *See* id at 22.021(a)(1)(B)(iii) and 22.021(a)(2)(B).

interview were "highly suspicious" because of the quantity of drugs and alcohol he ingested prior to his arrest.

We conduct a legal sufficiency review by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

We interpret Valdivia's arguments as primarily an attack on I.P.'s credibility. However, the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony, and we defer to the jurors' credibility determinations. *See id*. I.P. testified Valdivia penetrated her sexual organ with his sexual organ at least ten times. Valdivia argues this testimony was contradicted by Garcia's testimony that I.P. told her Valdivia touched only the outside of her sexual organ. However, the jury also heard Dr. Kellogg's testimony that child victims of sexual abuse may not disclose the full details when first reporting the abuse. The jury was free to believe this testimony. Additionally, Valdivia admitted during his interview that he put his sexual organ inside her sexual organ "a little bit." Although Valdivia argues his statements are not reliable because he was intoxicated, the jury viewed the recording and was free to make its own determination of whether Valdivia was intoxicated and the reliability of his

statements. Viewing all the evidence in the light most favorable to the jury's verdict, a rational jury could have found all the elements of the offenses beyond a reasonable doubt.

## DOUBLE JEOPARDY

Valdivia claims the evidence demonstrates only one act of aggravated sexual assault on or about March 13, 2006 (the date alleged in Counts 1 and 2), and one act on or about June 13, 2006 (the date alleged in counts 3 and 4). Therefore, Valdivia contends his convictions for the two offenses alleged to have occurred on the same date – Counts 1 and 2 in one instance, Counts 3 and 4 in the second instance – violate double jeopardy protections.

Citing *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004), Valdivia correctly argues that a conviction for a completed act of sexual assault bars any conviction for any other offense subsumed in the commission of the sexual assault. Valdivia is also correct the act of penetration of I.P.'s sexual organ by his sexual organ (Counts 1 and 3) would necessarily entail causing the child's sexual organ to contact his sexual organ (Counts 2 and 4). However, Valdivia misapplies the law and ignores some of the evidence.

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). The State may use "on or about" language in the indictment and is not required to provide a precise date the offense was committed. *See Garcia v. State*, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998). Accordingly, the State was not limited to acts occurring on the two dates alleged in the indictment for a conviction on all four counts. I.P. testified in detail about two instances of penetration and sexual organ contact, but she also testified that Valdivia used his sexual organ to penetrate her sexual organ more than ten

times. I.P. testified that the abuse began in March 2006 and apparently ended when she reported the abuse in June 2006 – all dates within the limitations period and before the date of the indictment.[4] Because the State was not limited to the dates alleged in the indictment, and there is evidence that Valdivia engaged in the conduct alleged in the indictment at least on four occasions,[5] the jury could find Valdivia was guilty of separate acts of penetration and contact. This point of error is overruled.[6]

### INEFFECTIVE ASSISTANCE OF COUNSEL

Valdivia asserts his counsel rendered ineffective assistance by failing to object to the admission of (1) the recording of the post-arrest interview with Detective Miller, (2) testimony from Garcia about statements made by I.P. during the medical examination, and (3) certain testimony from Dr. Kellogg that was outside her scope of expertise.

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of evidence his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate deficient performance, the defendant must show counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of defense counsel's representation is "highly deferential" and we presume "counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the

---

[4] There is no limitations period for aggravated sexual assault as charged in this case. See TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B)(West 2005).

[5] When the State presents evidence that the number of episodes of sexual abuse exceeds the offenses charged, a defendant may require the State to elect which episode it will rely upon for conviction. *See Phillips v. State*, 193 S.W.3d 904, 912 (Tex. Crim. App. 2006). Valdivia did not request an election.

[6] Valdivia does not raise any issue on appeal regarding a non-unanimous verdict. *See, e.g. Dixon v. State*, 201 S.W.3d 731 (Tex. Crim. App. 2006).

record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, No. PD-0481-10, 2011 WL 2408942 at *3 (Tex. Crim. App. June 15, 2011). We "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003).

A defendant claiming ineffective assistance of counsel must also establish prejudice by showing "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. To prevail on a claim based on failure to object to the admission of evidence, a defendant must demonstrate that the evidence was inadmissible. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 998 (2003). Counsel does not render ineffective assistance by failing to object to admissible evidence. *See Lee v. State*, 29 S.W.3d 570, 577–78 (Tex. App.—Dallas 2000, no pet.); *Cooper v. State*, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

### *Nurse Garcia's testimony*

Valdivia contends trial counsel was ineffective because he failed to object to Garcia's report and to Garcia's testimony regarding statements I.P. made to her as impermissible hearsay.

To show ineffective assistance of counsel, Valdivia had to demonstrate the evidence was inadmissible. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Valdivia admits that there is a legal basis for admitting statements made by the victim for purposes of medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). Garcia testified she asked I.P. to tell what happened in order to render medical treatment and make a diagnosis. This testimony was not contradicted. Valdivia has not demonstrated the evidence was not admissible; thus, he has not shown deficient performance by his trial counsel for failing to object to Garcia's testimony or the report.

### *Valdivia's recorded statement*

Valdivia contends his trial counsel should have objected to admission of his recorded statement and filed a motion to suppress because it resulted from "subtle mental coercion" by the detective and was involuntary. Valdivia points to statements made by the detective during the interview that "courts respect honesty" and "if any leniency is shown, it will be shown to an honest person." However, Valdivia does not cite any legal authority that any such "subtle mental coercion" results in an involuntary statement. To render a confession invalid based on a promise, the promise "must be positive, made or sanctioned by someone in authority, and of such an influential nature that would cause a defendant to speak untruthfully." *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004). The detective's statements do not appear to be of the nature to cause Valdivia to speak untruthfully.

Valdivia also contends his statement was involuntary because it was made while under the influence of drugs and alcohol. However, in the video Valdivia appears to have a "normal" conversation with the detective, his answers are appropriate to the context, and his speech is not slurred. Based on the recording, trial counsel may have concluded that a motion to suppress the

statement would not be successful. Furthermore, Valdivia has failed to demonstrate the video was inadmissible. *See Ex parte Nailor*, 105 S.W.3d 272, 278 (Tex. App.—Houston [14st Dist.] 2003)(holding failure to object to admissible evidence does not constitute ineffective assistance), *aff'd,* 149 S.W.3d 125 (Tex. Crim. App. 2004). Because Valdivia has not demonstrated deficient performance on this ground, his claim of ineffectiveness fails. *Id.*

### Dr. Kellogg's testimony

Finally, Valdivia asserts trial counsel was ineffective because he should have objected to Dr. Kellogg's testimony regarding delayed outcries of abused children because it was outside the scope of her expertise as a pediatrician. Dr. Kellogg testified about her studies and findings as to why children delay reporting sexual abuse. Dr. Kellogg explained her opinion was based on a survey she conducted, which explored the reasons children delayed reporting sexual abuse. Dr. Kellogg explained how the study was constructed and that she had published her results. Valdivia did not establish it would have been error for the trial court to allow this testimony. *Ex parte White*, 160 S.W.3d at 53. Additionally, trial counsel could have reasonably believed Dr. Kellogg had provided a sufficient basis for her testimony, and the evidence was admissible. Because trial counsel has not had an opportunity to explain his actions, and because Valdivia has failed to establish counsel's actions were so outrageous that no competent counsel would have acted in that manner, Valdivia has failed to meet his burden of proof. *See Garcia*, 57 S.W.3d at 440. Based on the entire record, Valdivia has failed to establish his trial counsel rendered ineffective assistance.

The judgments of the trial court are affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH