*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-10-00908-CR

Juan A. **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR8626D
Honorable Ron Rangel, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Rebecca Simmons, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  May 23, 2012

AFFIRMED

Juan A. Moreno was convicted of trafficking of persons, aggravated sexual assault, aggravated kidnapping, and compelling prostitution.  He appeals the judgments of the trial court, arguing his attorney rendered ineffective assistance.  We affirm the judgments.

The complainant, J.C., testified that Moreno and another man kidnapped her and kept her captive for approximately two weeks.  During most of her captivity, she was tied to a bed while Moreno and the other man sexually assaulted her numerous times.  Moreno allowed other men to

sexually assault J.C. in exchange for money. J.C. eventually escaped, but did not report the crimes until she was detained on a warrant from the juvenile court arising from an unrelated charge.

Moreno contends his trial counsel rendered ineffective assistance by failing to challenge testimony from Dr. Nancy Kellogg. In particular, Moreno contends his counsel was ineffective because he failed to "hold the State to its burden . . . of qualifying Dr. Kellogg as an expert, and . . . by not objecting to [Dr.] Kellogg's testimony from the outset, and then allowing her to testify with the air of an expert on several areas, none of which were properly subject to her testimony." He also argues counsel should have objected because the State failed to demonstrate Dr. Kellogg had sufficient information about the complainant to offer reliable and relevant testimony, and contends Dr. Kellogg's testimony was too general to be of any aid to the jury. Moreno asserts that "[n]o reasonably competent attorney would have allowed such testimony to go forward without, at the minimum, trying to prevent it from the outset, and if that did not work, objecting throughout the testimony."

To establish ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of defense counsel's representation is "highly deferential" and we presume "counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and

the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003).

To prevail on a claim based on failure to object to the admission of evidence, a defendant must demonstrate that the evidence was inadmissible. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 998 (2003). Counsel does not render ineffective assistance by failing to object to admissible evidence. *See Lee v. State*, 29 S.W.3d 570, 577–78 (Tex. App.—Dallas 2000, no pet.); *Cooper v. State*, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

A defendant claiming ineffective assistance of counsel must also establish prejudice by showing "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700.

Dr. Kellogg testified before the jury about her qualifications. The testimony included her undergraduate and medical school training, certification in child abuse pediatrics, publication of

numerous articles in the area of child sexual abuse, and her examination of over 9,000 children during her work as a physician in treating children in connection with reports of sexual abuse. Dr. Kellogg has provided testimony as an expert in the area of child sexual abuse in several cases. *See, e.g. Reyes v. State*, 274 S.W.3d 724, 730 (Tex. App.—San Antonio 2008, pet. ref'd) (holding Dr. Kellogg's testimony about behavioral characteristics common among abused children was permissible under rule 702 of Texas Rules of Evidence); *see also Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd) (noting Dr. Kellogg testified child victim's mannerisms and history were consistent with sexual abuse). Nothing in the record supports Moreno's contention that his trial counsel's performance was deficient as it relates to Dr. Kellogg's qualifications to testify as an expert.

Moreno also complains that Dr. Kellogg offered testimony about the victim without having sufficient information about her to provide reliable and relevant evidence, and that she testified outside her areas of expertise. Dr. Kellogg's testimony centered on the dynamics of victim outcries, the average length of time between the purported abuse and the outcry, the various ways victims react to abuse, and how the details of the abuse are reported. The only testimony directly about the victim was when Dr. Kellogg was asked whether J.C.'s abuser could be identified through the presence of a sexually transmitted disease in the victim. Dr. Kellogg testified it would not be possible to do so. Thus, the only testimony concerning the victim did not appear to implicate Moreno, and the remainder of the testimony was of a general nature and within Dr. Kellogg's area of expertise.

Moreno complains the testimony about the reaction of sexual abuse victims and their manner of outcries was too general to aid the jury. However, the Court of Criminal Appeals has

held that a trial court has great discretion in determining whether a witness will assist the jury as an expert:

> If the witness has some special knowledge or additional insight into the field that would be helpful, then the expert can assist the trier of fact to understand the evidence or to determine a fact in issue. An expert may add precision and depth to the ability of the trier of fact to reach conclusions about subjects which lie well within common experience.

*Rodgers v. State*, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006) (footnotes and internal quotations omitted). The trial court certainly could have concluded Dr. Kellogg's testimony about delayed outcries, how victims respond to sexual abuse, and how the abuse is reported was the "special knowledge or additional insight" that could be helpful to the jury. We cannot say the trial court would have abused its discretion by allowing Dr. Kellogg's testimony had trial counsel objected. Accordingly Moreno has failed to prove by a preponderance of the evidence his trial counsel rendered ineffective assistance by failing to object to her testimony.

The judgments of the trial court are affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH