Arthur G. MacDOUGALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 1008–84.

Court of Criminal Appeals of Texas, En Banc.

Jan. 22, 1986.

Robin Norris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Carla J. Olivarez, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

**TOM G. DAVIS, Judge.**

Appeal is taken from a conviction for theft of property of the value of more than $200.00 but less than $10,000.00. The case was affirmed by the Eleventh Court of Appeals in an unpublished opinion (*MacDougall v. State*, NO. 11–84–00095–CR–6–7–84).

Appellant contends that the Court of Appeals erred in upholding the trial court's action in refusing his request to define the term "deception"[1] in its instruction to the jury. After refusing appellant's petition for discretionary review, we granted his motion for rehearing in order to examine this issue.

The indictment charged in pertinent part that appellant on or about the 27th day of April 1982 did then and there unlawfully:

"intentionally and knowingly appropriate, by acquiring and otherwise exercising control over, property other than real property, to-wit: one (1) Oldsmobile automobile of the value of more than $200.00 but less than $10,000.00, from HAROLD PRACHT, without the effective consent of the owner, HAROLD PRACHT, and with intent to deprive the said owner of said property."

In its charge the trial court defined "effective consent" as follows:

"The term 'effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion."

In applying the law to the facts the court charged:

"Therefore, if you find beyond a reasonable doubt that on or about the 27th day of April 1982, in El Paso County, Texas, the defendant, Arthur G. MacDougall, did then and there unlawfully, intentionally or knowingly appropriate, by acquiring and otherwise exercising control over, property other than real property to-wit: one (1) Oldsmobile automobile of the value of more than $200.00 but less than $10,000.00 from Harold Pracht, without the effective consent of the owner, Harold Pracht, and with intent to deprive the said owner of said property, then you will find the defendant guilty as charged."

The evidence showed that appellant had worked for Pracht for about three weeks in April, 1982. On the 27th, appellant had driven Pracht's car to Five Points to some apartments Pracht owned. Appellant returned to Pracht's house at 4:00 o'clock in the afternoon. Pracht was ill, and "allowed him to take [the car] overnight and he was to be back the following morning at 8:00 o'clock." Pracht testified that appellant "said he would be back at eight and I said yes." When appellant did not return the next morning, Pracht reported the car stolen.

On July 14, 1982, appellant was found in Phoenix, Arizona, sleeping near the car. A Phoenix police officer arrested him. The officer testified that appellant told him, "I had a fight with my boss; he owed me some money, so I took the car and I left."

Relying on *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981), the Court of Appeals reasoned that "Since the term 'decep-

---

1.  V.T.C.A. Penal Code, Section 31.01(2) provides in part as follows:
    "(2) 'Deception' means:
    "(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;
    "(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or

conduct, and that the actor does not now believe to be true;
"...
"(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, *except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.*"

tion' need not be defined in the indictment, no error is shown by the trial court's refusal to define the term 'deception' in its charge to the jury." In *Thomas,* defendant moved to quash his indictment for theft on the ground that it failed to allege which type of "owner" and which means of proving Lack of effective consent the State intended to rely on. This Court held on rehearing that there was no error in overruling the motion to quash, because defendant was not seeking facts essential to giving notice. The Court reasoned:

"The Legislature has established offenses and the elements constituting those offenses. The terms and elements are further defined within the Penal Code. Under [the caselaw cited], the definitions of the terms and elements are essentially evidentiary and need not be alleged in the indictment."

We find the rule of *Thomas* has no bearing on the instant case. That a statutory definition of an element need not be pled to give a defendant notice of what he is charged with does not mean that a jury has no need of the definition in determining whether the State has proved the element beyond a reasonable doubt.

The Court of Appeals also held that "deception" is a "common word". In *King v. State,* 553 S.W.2d 105 (Tex.Cr.App.1977), this Court held that the trial court need not define "common words" in its charge to the jury. Relying on King, supra, the Court of Appeals again concluded that the trial court did not err in refusing to define "deception" in its charge to the jury. Earlier in its opinion, however, the Court of Appeals responded to appellant's claim that the evidence was insufficient to prove "the elements of deception necessary to support a finding of appropriation without the owner's effective consent". The Court of Appeals assessed the evidence against two of the Penal Code's definitions of "deception",

and found the evidence sufficient under the Penal Code definitions.

The State argues that absence of the appropriate definition of deception did not harm appellant because by driving the car to Phoenix, appellant exceeded the scope of the owner's effective consent to use the car. Therefore, the State concludes, the prosecution had no need to prove that the owner's effective consent was induced by deception.

The trial court's instruction conditioned a verdict of guilty on the jury's finding that appellant appropriated the car "by acquiring *and* otherwise exercising control over" it without the effective consent of the owner. (emphasis added). The State's argument does not address the issue of how appellant *acquired* the car from the owner without the owner's effective consent when the owner testified that he allowed appellant to take it.

The State was required to prove that appellant acquired the car without the owner's effective consent. Deception was the only theory available to the State on the evidence. The trial court charged that consent is not effective if induced by deception. The trial court did not give any of the definitions of "deception" provided by the Penal Code. Having examined the record as a whole we conclude that appellant has shown some harm. See *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985).

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for a new trial.

ONION, P.J., concurs in result.

TEAGUE[1], Judge, concurring.

The majority opinion correctly holds, but for the wrong reasons, that given the unique facts and circumstances of this theft case, the trial court reversibly erred by not instructing the jury on the statutory

---

**1.** Hon. Robin Norris, who previously represented the appellant on appeal and in the proceedings that pertain to the appellant's petition for discretionary review, but who is now employed by this Court as research assistant to the author

of this opinion, had absolutely nothing to do either with any research that was involved in this case, the preparation of or the drafting of this opinion.

meanings of the word "Deception", as provided by V.T.C.A., Penal Code, Section 31.-01(2). I only concur in the result that the majority opinion reaches because I find that, given the facts and circumstances of this unique case, such omission from the trial court's jury charge deprived and denied Arthur G. MacDougall, hereinafter referred to as the appellant, of due process of law as guaranteed by the Fourteenth Amendment to the Federal Constitution, see *Cupp v. Naughten,* 414 U.S. 141, 146–147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), as well as due course of law as guaranteed by Art. 1, Section 19, of the Texas Constitution. I only dissent to the failure of the majority opinion to overrule two decisions of this Court, see *infra,* which cases I now find represent a departure from what I find was previously the law of this State.

Although a trial judge in Texas is given broad discretion in formulating his charge to the jury, nevertheless, if the charge that is given is erroneous because of commission or omission, and such error so infected the entire trial of the defendant that it deprived or denied him of a fair and impartial trial, then such charge is violative of due process of law. *Tyler v. Phelps,* 643 F.2d 1095, 1100 (5th Cir.1981). A due process violation may occur even if the defendant failed to object to such commission or omission. In this instance, however, the appellant did timely and properly object to the complained of omission in the court's charge, and, but as pointed out by the majority opinion, "Deception was the only theory available to the State on the evidence," i.e., because of the facts and circumstances of the case, "Deception" became an element of the offense for which the appellant was then on trial. Of course, in making the determination whether the error of omission deprived or denied the appellant of a fair trial, "Not only must the charge be read as a whole, but it must be laid in the courtroom scene with all the props and scenery that there existed." *Plunkett v. Estelle,* 709 F.2d 1004 (5th Cir.1983). Given the facts and circumstances of this case, with such omission in

the charge, the jury was clearly unable to correctly apply the law to the facts of this case, or to correctly judge the merits of the case; thus, the appellant was deprived and denied the fair trial that the Constitutions guaranteed him. Cf. *United States v. Silverman,* 745 F.2d 1386 (11th Cir.1984); *Plunkett v. Estelle,* supra; *United States v. Bryant,* 461 F.2d 912 (6th Cir.1972).

Such decisions of this Court as *Meanes v. State,* 668 S.W.2d 366 (Tex.Cr.App.1983) (Where the defendant was on trial for the offense of capital murder, held, it was not error not to define for the jury in the abstract the offenses of capital murder and murder), and *Mosley v. State,* 686 S.W.2d 180 (Tex.Cr.App.1985) (Where an element of the offense was "bodily injury", held, it was not error not to give the jury the statutory definition for that term), should be expressly overruled.

For the above stated reasons, I concur in the result, but dissent to the majority opinion's refusal or failure to overrule *Meanes* and *Mosley,* supra.