Opinion issued November 6, 2008 



 
















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01040-CR

____________


MARIO PADIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 52,336






MEMORANDUM OPINION

 A jury found appellant, Mario Padia, guilty of the offenses of possession of a
cellular telephone while an inmate of a correctional facility (1) and possession of a
controlled substance, namely, marijuana, while on property owned, used, and
controlled by the Texas Department of Criminal Justice. (2) After finding true the
allegation in an enhancement paragraph that appellant had a prior felony conviction,
the trial court assessed his punishment at confinement for twelve years. In two issues,
appellant contends that the trial court erred in not instructing the jury to infer that
destroyed evidence would have been exculpatory and in not instructing the jury on
the legal definition of possession.

 We affirm.

Factual and Procedural Background

 Texas Department of Criminal Justice Sergeant L. Ching testified that on
March 16, 2005, during a walk-through of Darrington Correctional Facility, he
smelled a fermenting odor emanating from the cell of appellant. Ching tried to
convince appellant to come out of his cell in order to investigate the odor, but
appellant was "taking a nap or something." So Ching walked on. A few minutes later
Ching returned to appellant's cell and again tried to convince him to come out of the
cell, but appellant refused to leave. Appellant then began tearing paper and flushing
it down the toilet. Ching called in a five-man "shake down team" to forcibly remove
appellant from his cell. One of the members of the shake down team talked to
appellant who eventually agreed to leave his cell. On cross-examination, Ching
conceded that the shake down team had with it a video camera, which had been
activated at some point. However, Ching explained that the video camera had been
on for only about one minute and that he did not operate the video camera. Ching
admitted that the tape was not saved.

 After appellant left his cell, Sergeant Ching performed a search and found a
cellular telephone and six plastic bags of marijuana. Ching found three of the bags
with the cellular telephone covered in newspaper, and he found the other three bags
of marijuana inside of a tennis shoe. Ching also found a homemade charger for the
cellular telephone. On cross-examination, Ching agreed that it was possible that
items could have been thrown onto appellant's row of cells from the second floor of
cells. However, on redirect examination, Ching explained that it would be impossible
to throw an item from the second floor into appellant's cell. He also stated that he
found the cellular telephone away from the entrance of appellant's cell and the tennis
shoe containing the marijuana closer to the cell door. On re-direct examination,
Sergeant Ching also said that appellant lived alone in a single cell.

 A.M.X. Stringfellow Unit Senior Warden J. Mossbarger testified that the
Darrington Correctional Facility's policy allows inmates only one pair of tennis shoes
and one pair of state shoes. The policy also requires that tennis shoes be clearly
marked with an inmate's identification number.

 Inspector General Office's Investigator C. Cegielski testified that he handled
the evidence recovered from appellant's cell. He stated that in his experience boots
and shoes recovered from the correctional facility are not always marked with
identification numbers and, when they are marked, the numbers are often "defaced
in one way or another." In examining the cellular telephone recovered from
appellant's cell, Cegielski found a number of text messages dated from February 2005
through March 2005. He identified fifteen exhibits as accurate photographs of these
text messages. Although the content of the messages was redacted by the trial court,
the exhibits contained the telephone number from which the text messages were sent
along with the time and date of each message. 

 Carolina Martinez testified that she recognized the telephone number in the text
messages because she had purchased a cellular telephone with that number for her
cousin, Michelle Trevino, in early 2005. Trevino verified that Martinez had
purchased a cellular telephone for her and that she and appellant had been involved
in a relationship. Trevino, however, did not recall sending any text messages to
appellant, explaining that she "was on drugs at the time."

Destroyed Evidence In his first issue, appellant argues that the trial court erred in denying his
requested charge to the jury because the State, in violation of the United States and
Texas Constitutions, destroyed "potentially useful evidence." See U.S. Const.
amend. VI, XIV; Tex. Const. art. I, § 19. 

 The State's duty to preserve evidence is limited to evidence that possesses an
exculpatory value that was apparent before the evidence was destroyed. California
v. Trombetta, 467 U.S. 479, 488, 104 S. Ct. 2528, 2534 (1984); Mahaffey v. State,
937 S.W.2d 51, 53 (Tex. App.--Houston [1st Dist.] 1996, no pet.). To show a
violation of due process, a defendant must make "some showing that the evidence lost
would be both material and favorable to the defense." U.S. v. Valenzuela-Bernal, 458
U.S. 858, 873, 102 S. Ct. 3440, 3449 (1982); Mahaffey, 937 S.W.2d at 53. Evidence
that is only potentially useful, i.e., evidence that might have exonerated the defendant,
is not material to a defendant's case. Arizona v. Youngblood, 488 U.S. 51, 58, 109
S. Ct. 333, 337 (1988); Mahaffey, 937 S.W.2d at 53. When evidence is only
potentially useful, a defendant must show that the evidence was destroyed in bad faith
to establish a violation of due process or due course of law rights. Youngblood, 488
U.S. at 58, 109 S. Ct. at 337; Neal v. State, 256 S.W.3d 264, 280 (Tex. Crim. App.
2008); Mahaffey, 937 S.W.2d at 53; see also U.S. Const. amend. XIV, § 1 (due
process clause); Tex. Const. art. I, § 19 (due course of law provision).

 Appellant asserts that the videotape would have shown what appellant "was or
was not wearing, . . . [a]ppellant's demeanor, the view of his cell from the run, and
the dynamic between the prison guards and [a]ppellant at the time prior to the
search." Appellant asserts that the tennis shoe would likely have been marked with
the owner's identification number which "would very likely have been independent
evidence of ownership." If the shoe belonged to someone else, this "would have
introduced doubts about [a]ppellant's alleged knowing possession."

 Appellant's arguments do not demonstrate that the lost evidence was both
favorable and material to his case. Valenzuela-Bernal, 458 U.S. at 873, 102 S. Ct. at
3449. Such evidence would have been no more than "potentially useful." Moreover,
nothing in the record or in appellant's arguments on appeal indicates that the State
destroyed the evidence in bad faith. 

 Accordingly, we hold that the trial court did not err in denying appellant's
requested charge.

 We overrule appellant's first issue.

Possession

 In his second issue, appellant argues that he was egregiously harmed by the
trial court's not instructing the jury on the legal definition of "possession" (3) because
the absence of the definition allowed the jury to convict him "based on a broader
conception of 'possession' than the law allows." 

 The State concedes that the trial court erred in not including the definition of
"possession." A trial court is responsible for delivering a written charge to the jury. 
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). The charge must set "forth
the law applicable to the case." Id. A charge cannot fully set forth the law of the case
"without including the definitions of those words and phrases that have been
legislatively provided." Arline v. State, 721 S.W.2d 348, 352 n.4 (Tex. Crim. App.
1986); MacDougall v. State, 702 S.W.2d 650, 652 (Tex. Crim. App. 1986); see Tex.
Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2008) (defining possession). 
Accordingly, we hold that the trial court erred in not including a definition of
"possession" in the jury charge. 

 Appellant did not object to the charge; therefore, we reverse only if appellant
suffered egregious harm. Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ("[I]f no proper
objection was made at trial and the accused must claim that the error was
'fundamental,' he will obtain a reversal only if the error is so egregious and created
such harm that he 'has not had a fair and impartial trial'--in short 'egregious
harm.'"). Egregious harm consists of error that affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive theory. 
Warner v. State, 245 S.W.3d 458, 461-62 (Tex. Crim. App. 2008). Egregious harm
is a difficult standard to prove and must be determined on a case-by-case analysis. 
Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). To determine whether
appellant has sustained harm from a non-objected-to instruction, we consider (1) the
entire jury charge, (2) the state of the evidence, including the contested issues and
weight of the probative evidence, (3) the argument of counsel, and (4) any other
relevant information revealed by the record of the trial as a whole. Almanza, 686
S.W.2d at 171. In considering these factors, we must determine whether appellant
has suffered actual, rather than merely theoretical, harm. Id.

 Here, appellant asserts that "there [is] no direct evidence that [a]ppellant
exercised actual care, custody, control, or management of the marijuana." See Tex.
Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2008) (defining possession as "actual
care, custody, control, or management"). Although the cellular telephone and
marijuana were found in appellant's cell, appellant asserts that "there was no evidence
suggesting he had exclusive control over the cell, no evidence regarding who else had
access to the cell, no evidence about whether other inmates could visit him there, and
no evidence to suggest he had any knowledge of the contents of the items containing
the contraband." Without the legal definition of "possession," appellant argues that
"the jury could have wrongfully assumed a more expansive definition" and convicted
him based merely on his proximity to contraband.

 We first consider the entire jury charge. Almanza, 686 S.W.2d at 171. The
relevant portion of the jury charge states the following:

 Our law provides that any person who is an inmate in a
correctional facility shall not intentionally and knowingly possess a
cellular telephone or a controlled substance.


 "Controlled substance" means a substance, including a drug, an
adulterant, and a dilutant, listed in Schedules I through V. The term
includes the aggregate weight of any mixture, solution, or other
substance containing a controlled substance.


 A person acts intentionally or with intent with respect to the
nature of his conduct when it is his conscious objective or desire to
engage in the conduct.


 A person acts knowingly or with knowledge, with respect to the
nature of his conduct or to circumstances surrounding his conduct, when
he is aware of the nature of his conduct or that the circumstances exist.


Although "possession" is not defined, the charge does include definitions of
"intentionally" and "knowingly." Therefore, at a minimum, the jury could not have
convicted appellant in accordance with the jury charge unless it concluded that
appellant had knowledge of the contraband in his cell.

 We next consider the state of the evidence, including the contested issues and
the weight of the probative evidence. Almanza, 686 S.W.2d at 171. The State had
to prove that appellant exercised actual control, management, or care over the
marijuana and cellular telephone and that appellant knew they were contraband. 
Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The State had to
establish that appellant's connection with the contraband was more than fortuitous. 
Id. Mere proximity to the contraband is not sufficient to establish possession beyond
a reasonable doubt without direct or circumstantial evidence. Id. at 162. 

 In support of his argument that the evidence did not establish possession,
appellant relies on Humason v. State, 728 S.W.2d 363 (Tex. Crim. App. 1987). In
Humason, the trial court found the defendant guilty of intentionally and knowingly
possessing cocaine. Id. at 364. The State introduced the following evidence against
the defendant: (1) the defendant was the sole occupant of a pick-up truck when a
police officer stopped him; (2) the police officer discovered cocaine in an unzipped
cloth gym bag in the seat next to the defendant; (3) the defendant did not admit or
deny that the cocaine belonged to him; and (4) there was no proof that the defendant
"recently had sole access to the truck." Id. at 366-67. The Court of Criminal
Appeals reversed, holding that this evidence "failed to eliminate the reasonable
hypothesis that appellant was entirely unaware of the presence of cocaine." (4) Id. at
367. 

 Here, however, the State produced evidence that appellant had sole access to
his one-person cell before the contraband was found in his cell. Sergeant Ching
described the circumstances in which appellant was found in the presence of the
cellular telephone and marijuana. The contraband was found in appellant's locked,
correctional facility cell. Some of the contraband was stuffed in a shoe, and the rest
was concealed under crushed newspapers. Ching also found a homemade charger for
the cellular telephone in appellant's cell. Appellant did not share his cell with anyone
as it was a single cell, and Ching testified that it would have been impossible for
another inmate to throw an item into appellant's cell. The State also produced
evidence that appellant had used the cellular telephone to receive text messages in
February and March of 2005 from his girlfriend. Appellant presented no evidence to
challenge this circumstantial evidence, which served to link appellant to the
contraband. See Evans, 202 S.W.3d at 162 n.12 (listing some factors "that Texas
courts have recognized as sufficient, either singly or in combination, to establish a
person's possession of contraband"). Here, the evidence eliminated any reasonable
hypothesis that appellant was entirely unaware of the presence of the contraband. 
Brown, 911 S.W.2d at 747; Humason, 728 S.W.2d at 367.

 Moreover, nothing in the arguments of counsel demonstrates egregious harm. 
During closing arguments, the State did not argue that appellant should be convicted
based merely on his proximity to the contraband. The State noted that appellant "was
the single occupant of" the cell in which the cellular telephone was found and that
appellant's girlfriend had sent messages to that cellular telephone. The State argued
that because appellant "intentionally and knowingly possessed" the contraband, the
jury should convict him. Appellant had the opportunity to respond to the State's
arguments and did argue that appellant was unaware of the contraband.

 Finally, appellant does not present, nor does the record show, any other
relevant information which demonstrates that he suffered egregious harm, i.e., an
actual harm which affected the very basis of the case or deprived him of a valuable
right. Warner, 245 S.W.3d at 461-62. Although "possession" was not defined in the
jury charge, the charge did not allow the jury to convict appellant based merely on his
proximity to the contraband, and the State produced satisfactory evidence of
appellant's knowledge of the contraband. Evans, 202 S.W.3d at 161; Brown, 911
S.W.2d at 747.

 Accordingly, we hold that appellant has not demonstrated that he was
egregiously harmed by the lack of a definition of "possession" in the jury charge.

 We overrule appellant's second issue.

Conclusion

 We affirm the judgment of the trial court.


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 38.11(j) (Vernon Supp. 2008).
2. See Tex. Penal Code Ann. § 38.11(d)(1)(A) (Vernon Supp. 2008).
3. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007); Arline v. State, 721
S.W.2d 348, 352 n.4 (Tex. Crim. App. 1986). 
4. The Court later clarified this language from Humason, stating "It is really another way
of saying that hypothetical ignorance can be disproven with satisfactory evidence of
actual knowledge." Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).